IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE LEE CHESTANG, | No. 2:14-CV-2139-MCE-CMK-P |
|     Petitioner, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| SWARTHOUT, | |
|     Respondent. | |
| _____ / | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 13).

Petitioner claims that his constitutional rights were violated with respect to a prison disciplinary proceeding. Documents attached to the petition indicate that petitioner was charged with a rules violation in October 2012 for possession of an inmate-manufactured weapon. Following a hearing, petitioner was found guilty and assessed a 360-day loss of good-time credits as well as a 10-day loss of yard privileges. Respondent argues that petitioner's claim is not cognizable under § 2254 because it has no bearing on the fact or duration of his confinement.

1          According to documents filed by respondent with his motion to dismiss,[1] petitioner became eligible for parole in December 2007.  Petitioner was denied parole at his initial hearing, then again in July 2012.  Petitioner's next parole hearing is scheduled to occur in 2017.  Under California law, petitioner's MEPD was the earliest date he could be considered for parole, see Cal. Penal Code § 3041(a), any good-time credits earned go only towards advancing an inmate's MEPD, not their actual release from custody, see In re Jenkins, 50 Cal.4th 1167, 1179-80 (2010).  Thus, any loss of good-time credits only impacts the scheduling of the initial parole consideration hearing.  See id.

          When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that ". . .when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus' and may be brought, if at all, under § 1983").  Any claim that does not necessarily shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction.  See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011).  Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

---

[1] These documents include prison records showing calculation of petitioner's "Minimum Eligible Parole Date" ("MEPD").  Under Federal Rule of Evidence 201, the court may take judicial notice of respondent's exhibits, which are not subject to reasonable dispute. See Fed. R. Evid. 201(b)(2).

Citing <u>Wilkerson v. Wheeler</u>, ___ F.3d ___, WL 6345497, at *5, respondent argues that "the loss of good-time credits for a prisoner [] whose date at which he is initially eligible for parole has already passed, does not affect the length of sentence." Respondent concludes that, because petitioner's MEPD date passed in 2007 before the 2012 rules violation, the imposition of a loss of good-time-credits as a result of that violation had no effect on the duration of petitioner's confinement and, for this reason, the court lacks jurisdiction under § 2254.

In his opposition to respondent's motion, petitioner addresses the perceived merits of his underlying challenge to the 2012 disciplinary action. Petitioner does not address respondent's jurisdictional argument, outlined above, which the court finds to be persuasive.

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 18, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE